L. W. SULLIVAN, Administrator, Respondent, v. R. W. RADFORD, Appellant.

**Kansas City Court of Appeals, January 9, 1912.**

JURISDICTION OF COURT: Voluntary Appearance. The filing of an amended statement in a justice court to which a cause was sent on change of venue, supplying a legal plaintiff is the same as bringing a new action, and if the defendant appears voluntarily to that action he will be held to have waived the issuance and service of process and to have subjected his person to the jurisdiction of the court.

Appeal from Henry Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*J. F. Smith* for appellant.

*N. B. Conrad* for respondent.

JOHNSON, J.—This suit was commenced before a justice of the peace of Deepwater township, Henry county, by the filing of an account for wages alleged to have been earned by William O. Sullivan, who had

died intestate in Henry county before the institution of this suit. L. W. Sullivan, the father, filed the statement with the justice and the action was docketed "L. W. Sullivan for Wm. C. Sullivan v. R. W. Radford." Summons was issued and served on Radford who appeared and applied for a change of venue. The change was granted and the cause was sent to a justice of Davis township in the same county. Before the cause was tried L. W. Sullivan was appointed administrator of the estate of his deceased son by the probate court of Henry county and on the day the cause was set for trial he filed a new statement in favor of himself as administrator and thereafter the action proceeded under the title "L. W. Sullivan, administrator, plaintiff, v. R. W. Radford, defendant."

No objection to the jurisdiction of the justice of Davis township was interposed but defendant appeared, a jury was called and a trial, in which defendant participated, was held, resulting in a verdict for the plaintiff. In due time defendant appealed to the circuit court and afterward filed a motion attacking the jurisdiction of the circuit court on the ground that the justice of Deepwater township acquired no jurisdiction of the action because of the absence of a legal party, plaintiff and, consequently, that neither the justice, to whom the cause was sent on change of venue, nor the circuit court, could acquire jurisdiction by an amendment attempting to supply a legal plaintiff. This motion was overruled and the cause was tried before a jury. Defendant appeared at the trial and defended the action on the merits. He was defeated and appealed to this court from a judgment recovered by his adversary. It appears that plaintiff was a resident and defendant a nonresident of Henry county.

The question of the jurisdiction of the circuit court is vigorously argued in the briefs and is the only question raised by defendant we deem of sufficient importance to discuss. Section 7399, Revised

Statutes 1909, provides that if the defendant is a non-resident of the county in which plaintiff resides the action may be brought before some justice of any township in such county where the defendant may be found. Under this section plaintiff could have commenced this suit before the justice of Davis township. There can be no question of the jurisdiction of that justice over the subject-matter of the action and the only question is whether or not he acquired jurisdiction of the parties.

We shall concede for argument that plaintiff could not maintain an action in his personal capacity and, therefore, that the action brought in Deepwater township had no legal party plaintiff, but this concession does not necessitate the conclusion that the justice in Davis township could not acquire jurisdiction of the person of defendant. We are mindful of the rule announced by some of the authorities that if there is no legal entity in plaintiff there is no foundation upon which to base an amendment (30 Cyc. 27), but even if we should give our sanction to that rule it would not aid defendant. The filing of the amended or new statement supplying a legal plaintiff may be treated as the bringing of a new action and since defendant voluntarily appeared to that action, he must be held to have waived the issuance and service of process and to have subjected his person to the jurisdiction of the court (Section 7410, Revised Statutes 1909). Other reasons might be given in support of the jurisdiction of the circuit court but we have sufficiently answered the contention of defendant in what we have said. The motion attacking the jurisdiction was properly overruled. The objections of defendant to the rulings of the court on evidence and in the instructions to the jury have been examined and are found to be without merit.

The judgment is affirmed. All concur.